United States Court of Appeals,

Eleventh Circuit.

No. 95-3522.

UNITED STATES of America, Plaintiff-Appellee,

v.

Francis R. PALAZZI, Defendant-Appellant.

June 24, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 95-01012-MMP), Maurice M. Paul, Judge.

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and STAGG[*], Senior District Judge.

PER CURIAM:

Francis R. Palazzi was convicted of felony offenses in Massachusetts in 1966, 1968, and 1969, and was convicted of a felony offense in Florida in 1973.[1] In 1994, in Florida, Palazzi was found to be in possession of a Charter Arms, snub-nosed .38 caliber revolver and a .22 caliber rifle. He was arrested. Palazzi subsequently was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Palazzi under 18 U.S.C. § 924(e) (the Armed Career Criminal Act) based upon the violent crimes for which Palazzi previously had been convicted in Massachusetts. Palazzi challenges the district court's 188-month sentence.

Palazzi first notes that Massachusetts restored his right to possess a firearm in his home, to hold public office, and to serve on a jury. Consequently, Palazzi argues,[2] his Massachusetts

---

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

[1]Palazzi's previous felony convictions include: (1) Breaking and Entering with Intent to Commit Larceny (Massachusetts, 1966); (2) Breaking and Entering and Larceny (Massachusetts, 1968); (3) Assault and Being Armed with a Dangerous Weapon (Massachusetts, 1969); and (4) Breaking and Entering with Intent to Commit a Misdemeanor (Florida, 1973).

[2]Palazzi also argues that the prosecution failed to meet its burden of proof in producing evidence: (1) that any of the prior convictions at issue is a felony under 18 U.S.C. § 921(a)(20); (2) that he was the person convicted in any of the prior cases; and (3) that any of the prior

convictions may not be used as predicate offenses for an armed career criminal enhancement because his civil rights have been restored within the meaning of § 921(a)(20). Section 921(a)(20) excepts as a predicate felony

> [a conviction] for which a person ... has had civil rights restored ..., unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).[3] Palazzi acknowledges that in his case civil rights were automatically restored following a lapse of time under Massachusetts laws of general application. *See* Mass. Gen. Laws ch. 279, § 30; Mass. Gen. Laws ch. 234A, § 4; Mass. Gen. Laws ch. 140, § 129B.

Palazzi's argument that he is exempt from a § 924(e) sentence enhancement relies on *United States v. Caron,* 77 F.3d 1 (1st Cir.1996). *Caron* held that since two Massachusetts civil rights were restored (the right to sit on a jury and the right to hold public office) and one was never taken away (the right to vote), the defendant was "a person [who] ... has had civil rights restored" and was not subject to the enhanced penalty under 18 U.S.C. § 924(e). *Id.* at 6. *Caron* further held that "civil rights may be restored within the meaning of § 921(a)(20) by laws of general application." *Id.* at 2. The First Circuit remanded the *Caron* case to the district court for resentencing after stating:

> We leave till another day the question whether, when *one* civil right is restored but two were never taken away, the same answer would prevail, together with the basic question whether the literal application of "restore" to a case where no civil rights were taken away is so lacking in sense as to command the same result.... There remain other asserted issues, including whether the right to sit on a jury has been sufficiently restored, and whether there has been an express provision that appellant may not possess firearms.

---

crimes is a qualifying violent felony. For these reasons, Palazzi contends that he should not have been sentenced pursuant to 18 U.S.C. § 924(e). However, in a pre-trial Motion to Strike Sentence Enhancement under 18 U.S.C. § 924(e), Palazzi did not deny that he was the person charged in those offenses. And, Palazzi presented no evidence at any proceeding in the district court that he did not commit those offenses; nor did he contest the issue of identity at sentencing. In addition, at sentencing, the district court found that certified copies of Palazzi's prior charges, convictions, and sentences in Massachusetts were sufficient for the § 924(e) sentence enhancement. Palazzi has advanced nothing on appeal which will cause us to disturb the lower court's findings about the existence and nature of his prior felony convictions.

[3]The Armed Career Criminal Act sentencing enhancement applies to someone with three previous convictions for violent felonies. 18 U.S.C. § 924(e). "The term "violent felony' means any crime punishable by imprisonment for a term exceeding one year[.]" 18 U.S.C. § 924(e)(2)(B). The term "crime punishable by imprisonment for a term exceeding one year" as used in § 924(e), however, does not include convictions described in § 921(a)(20).

*Id.* at 6. Thus, the First Circuit recognized that an express provision that Caron cannot possess firearms could yield a different outcome.

Palazzi was subject to such an express provision. Massachusetts law continued to prevent Palazzi from carrying or receiving firearms.[4] Mass. Gen. Laws ch. 140, § 131; *see also United States v. Estrella,* 104 F.3d 3 (1st Cir.1997)(holding that Massachusetts' partial ban on handgun possession by ex-felons is sufficient to preserve the federal firearm ban under 18 U.S.C. § 922(g)). Even though some of Palazzi's rights have been restored by Massachusetts law, this one significant civil right remains disabled, and, consequently, the § 921(a)(20) exception upon which Palazzi seeks to rely is unavailing.

Because Massachusetts law prohibits Palazzi from carrying a firearm, and because "carry" is synonymous with "transport," the civil rights restoration exemption under § 921(a)(20) does not apply to Palazzi. The district court's enhanced penalty under 18 U.S.C. § 924(e) was proper.

AFFIRMED.

---

[4]The *Caron* court never decided this legal issue.