UNITED STATES of America, Appellee,

v.

Paul A. BLODGETT, Defendant,
Appellant.

No. 97–1299.

United States Court of Appeals,
First Circuit.

Heard Sept. 4, 1997.

Decided Nov. 7, 1997.

Jane Elizabeth Lee for appellant.

Margaret D. McGaughey, Assistant United States Attorney, Portland, ME, with whom Richard W. Murphy, Assistant United States Attorney, and Jay P. McCloskey, United States Attorney, Bangor, ME, were on brief for appellee.

Before STAHL, Circuit Judge,
CAMPBELL, Senior Circuit Judge, and
BOWNES, Senior Circuit Judge.

STAHL, Circuit Judge.

Appellant Paul A. Blodgett, convicted and sentenced on two counts of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), appeals the district court's decision to enhance his sentence pursuant to the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e). Specifically, Blodgett disputes that his prior criminal record re-

flects the three predicate offenses necessary for an ACCA enhancement. Finding no error, we affirm.

## Background and Prior Proceedings

On May 9, 1996, police in Old Orchard Beach, Maine, arrested Blodgett after a high-speed automobile pursuit and subsequent foot chase. The police found Blodgett hiding under a blanket, holding a loaded and half-cocked 9 millimeter handgun. The government charged Blodgett with four weapons related counts, two pertaining to the 9 millimeter handgun and two pertaining to a 12 gauge shotgun subsequently found in Blodgett's car. A jury convicted Blodgett on the counts relating to the 9 millimeter handgun.

The district court imposed a 293 month sentence. The court based its sentence in part on its conclusion that Blodgett's criminal history triggered the fifteen-year mandatory minimum sentence provided in the ACCA. Although Blodgett had eight juvenile and nineteen adult convictions that produced no criminal history points, the court determined that Blodgett had five other convictions which supplied the predicate necessary for an ACCA enhancement. Blodgett conceded two of the five convictions, but disputed that any of the remaining three, a 1984 Massachusetts conviction for breaking and entering, a 1983 Maine conviction for reckless conduct with a dangerous weapon, and a 1987 Maine conviction for burglary, should count toward the enhancement. Blodgett's challenge to the district court's ACCA enhancement forms the basis of this appeal.

## Discussion

■ "Whether a conviction for a particular type of crime qualifies as a predicate offense presents a purely legal question, sparking *de novo* review." *United States v. Winter*, 22 F.3d 15, 18 (1st Cir.1994) (citing *United States v. DeJesus*, 984 F.2d 21, 23 n. 4 (1st Cir.1993)); *see United States v. Fiore*, 983 F.2d 1, 2 (1st Cir.1992). Our *de novo* review leads us to conclude that at least one of the convictions Blodgett challenges, the 1984 Massachusetts conviction for breaking and entering, serves as a predicate offense for purposes of the ACCA enhancement. Accordingly, we affirm.

The ACCA provides that anyone convicted as a felon in possession of a firearm who has three previous "violent felony" or "serious drug" convictions will receive a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that reflects any of several enumerated violent attributes.[1] 18 U.S.C. § 924(e)(2). Certain crimes, however, do not fall within the statutory definition of a "crime punishable by imprisonment for a term exceeding one year." Such crimes include any offense that a state classifies as a misdemeanor and which carries a maximum penalty of two years or less, *see* 18 U.S.C. § 921(a)(20)(B), and any offense for which a person has had his civil rights restored, unless that restoration expressly provides that the person may not ship, transport, possess or receive firearms, *see* 18 U.S.C. § 921(a)(20).

■ In 1984, Blodgett was convicted for breaking and entering and sentenced to 18 months in the state prison. Blodgett now claims that the offense does not constitute a felony, and, even if it does, that he never lost one of his civil rights and had the others restored subsequent to that conviction and prior to his most recent offense. Neither of Blodgett's arguments is availing.

Contrary to Blodgett's assertion, the 1984 Massachusetts conviction clearly falls within the definition of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20). Massachusetts defines "felony" as "[a] crime punishable by death or imprisonment in the state prison...." Mass. Gen. Laws ch. 274, § 1 (not-

---

1. Specifically, a violent felony is a "crime punishable by imprisonment for a term exceeding one year" that:
   (i) has as an element the use, attempted use or threatened use of force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2).

ing that all other crimes are misdemeanors). The breaking and entering statute that underlies Blodgett's 1984 Massachusetts conviction provides for a maximum punishment of twenty years imprisonment. *See* Mass. Gen. Laws ch. 266, § 16. In other words, Massachusetts classifies Blodgett's conviction as a felony, and, even if it did not, the maximum sentence Blodgett could have received removes his conviction from the exception of § 921(a)(20)(B). *See United States v. Indelicato,* 97 F.3d 627, 628 n. 1 (1st Cir.1996) (considering the maximum statutorily authorized punishment rather than actual sentence for purposes of 18 U.S.C. § 921(a)(20)(B)), *cert. denied,* —— U.S. ——, 117 S.Ct. 1013, 136 L.Ed.2d 890 (1997).

Blodgett insists that even if the conviction does constitute a felony, Massachusetts restored his civil rights which precludes the conviction from counting toward an ACCA enhancement. *See* 18 U.S.C. § 921(a)(20). "In this circuit, the civil rights that must be restored to trigger the exception are the rights to vote, hold public office, and to serve on a jury." *United States v. Estrella,* 104 F.3d 3, 6 (1st Cir.1997). We consider civil rights restored for purposes of § 921(a)(20) whether by automatic application of law or by affirmative, executive act. *See United States v. Caron,* 77 F.3d 1, 4 (1st Cir.1996) (en banc). As we have noted, a convicted felon in Massachusetts retains the right to vote, loses the right to hold public office for the duration of any sentence, and loses the right to serve on a jury for seven years after conviction. *See id.* at 2. The government does not dispute that Massachusetts has restored Blodgett's core civil rights.

Blodgett, however, is not home free. Restoration of civil rights removes the conviction from the realm of ACCA predicate offenses "unless ... such restoration ... expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). In *United States v. Estrella,* 104 F.3d 3, 8 (1st Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2494, 138 L.Ed.2d 1001 (1997), we held that the restrictions Massachusetts imposes on a felon's right to own firearms trigger the "unless" clause in § 921(a)(20). Felons desiring to own firearms in Massachusetts must have been released from custody for five years, and then must obtain a firearm identification card. *See id.* at 7. A firearm identification card permits a felon to possess a handgun in his residence or place of business and to possess a rifle anywhere. *See id.* Notably, a felon may not possess a handgun outside of his residence or place of business, nor sell, rent or lease a firearm to another person. *See id. Estrella,* therefore, precludes Blodgett's argument.

Blodgett points out that *Estrella* determined whether such a Massachusetts conviction could serve as a felony supporting a conviction under the federal felon in possession of a firearm statute. *See* 18 U.S.C. § 922(g)(1) (providing criminal penalties for felons who possess firearms). He maintains that "[t]here are reasons why this Court might choose to interpret Massachusetts law as preserving the federal ban on handgun possession by a felon, and yet not interpret Massachusetts law as allowing a severe enhancement of defendant's sentence where defendant's civil rights have been restored." Blodgett does not enumerate these reasons, but generally seems to argue for a different interpretation of Massachusetts law depending on whether the government seeks to use the conviction for purposes of § 922(g) or § 921(a)(20), and, therefore, § 924(e).

In *United States v. Alston,* 112 F.3d 32, 37 (1st Cir.1997), we rejected the precise argument Blodgett makes in this appeal. The defendant in *Alston* challenged the inclusion of a prior Massachusetts conviction as a predicate offense for ACCA purposes because his civil rights had been restored. 112 F.3d at 37. We noted that "Massachusetts materially restricts an ex-felon's right to carry and traffic in firearms regardless of the passage of time," *id.,* and that such restrictions trigger the "unless" exception to § 921(a)(20), *see id.* at 38 (citing *Estrella,* 104 F.3d at 8). On that basis we affirmed the enhancement of the defendant's sentence pursuant to the ACCA. *See id.; see also United States v. Palazzi,* 115 F.3d 906, 908 (11th Cir.1997) (adopting *Estrella*'s interpretation of Massachusetts law under the "unless" clause of § 921(a)(20) and affirming an

ACCA enhancement on that basis). We see no reason to deviate from *Alston* in this case. We therefore conclude that the district court properly considered Blodgett's 1984 Massachusetts conviction as a predicate offense for a § 924(e) enhancement.

## Conclusion

Blodgett concedes that two of his prior convictions constitute predicate offenses, and we find that his 1984 Massachusetts conviction for breaking and entering constitutes the third predicate offense for ACCA enhancement purposes. We need not consider the remaining two challenged convictions. *See* 18 U.S.C. § 924(e) (requiring three prior violent felony convictions to trigger enhancement).

**Affirmed.**

BOWNES, Senior Circuit Judge, concurring in the judgment:

I write separately because I am concerned that we have significantly expanded a prior precedent, *United States v. Estrella*, 104 F.3d 3 (1st Cir.1997), without giving serious consideration to the difference between *Estrella* and the circumstances attending the present case.

The defendant in *Estrella* appealed his conviction under the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), arguing that a prior Massachusetts felony conviction could not serve as a predicate felony under the federal statute because his civil rights had been restored by operation of Massachusetts law. This court held that, notwithstanding the retention of a felon's right to vote and the restoration of his rights to hold public office and to serve on a jury, the restrictions Massachusetts imposes on a convicted felon's right to own firearms trigger the "unless" clause in 18 U.S.C. § 921(a)(20), which nullifies the ordinary rule that a civil rights restoration will remove the conviction from consideration as a predicate offense for purposes of the federal felon-in-possession statute. *See Estrella*, 104 F.3d at 8. *Estrella*'s holding went no further than the context of that case: it merely permitted such a prior conviction to serve as a predicate felony to

support a federal conviction under the felon-in-possession statute. *Id.*

In the present case, the majority applies this conclusion to an entirely different context: to enhance Blodgett's sentence under the Armed Career Criminal Act (ACCA). As the opinion notes, Blodgett maintains that "[t]here are reasons why this Court might choose to interpret Massachusetts law as preserving the federal ban on handgun possession by a felon, and yet not interpret Massachusetts law as allowing a severe enhancement of defendant's sentence where defendant's civil rights have been restored." *Ante*, at 3. Even if Massachusetts' restrictions on the right of an individual, previously convicted of a Massachusetts felony, to own firearms should have a bearing on the question of whether to criminalize federally an individual's possession of a firearm, it is not at all clear that Massachusetts' restrictions have any effect upon the very different question of whether that individual's Massachusetts conviction should result in an enhanced sentence upon conviction of a later federal offense. Accordingly, before we expand the *Estrella* holding from one context to the other, I think we should carefully consider whether such expansion is appropriate, and we should discuss our reasoning if we decide to go ahead with the expansion.

I do not think we did this in *Alston*. The *Alston* decision focused almost exclusively on a completely different issue (whether the prosecution's significant alteration of a gun should have precluded its being received in evidence). *Alston*'s expansive reading of *Estrella* was offered in response to the last of several also-ran arguments that the court dealt with only very briefly. We conclusorily applied *Estrella*, noting simply that:

> In *Estrella*, we found these limited [Massachusetts] restrictions trigger the above-quoted 'unless' exception to the provision relied upon by Alston as restoring his civil rights. 18 U.S.C. § 921(a)(20). *Estrella* was decided after Alston's sentence and the original briefing [in this court], but his reply brief has no effective answer to that decision.

*Alston*, 112 F.3d at 38. Thus, far from "reject[ing] the precise argument Blodgett

makes in this appeal," as the majority asserts *ante* at 3, *Alston* never addressed that argument. The court in *Alston* did not even acknowledge that it was applying the *Estrella* conclusion to a different context—which is Blodgett's argument here—much less provide any reasoning for such an expansion. Nor did the defendant in *Alston* brief the question of whether *Estrella* should be applied in the sentence enhancement context.

In the present case, in contrast, as the majority acknowledges, Blodgett does at least raise the issue that *Estrella* on its face does not address the present context. I do not think we should assert that *Estrella*'s holding has been significantly enlarged to the sentencing context merely by referring to *Alston*'s conclusion (without further analysis) and stating that we will not "deviate from *Alston*" here. If we are going to enshrine this expansion into solid precedent, we should discuss its consistency with the plain language (first) and the context and legislative history (if the plain language is not clear) of the relevant provisions of the enhanced sentencing statute (ACCA).

Nevertheless, as the majority notes, although Blodgett does direct our attention to the implicit expansion that would inhere in our application of *Estrella* to the enhanced sentencing context, he has not provided us with developed argumentation explaining why such expansion would be inconsistent with legislative intent or otherwise violative of law. It is a "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," are deemed waived. *Continental Cas. Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 375 (1st Cir.1991). For this reason, I concur in the majority's judgment affirming the district court's sentence.