USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1800

 UNITED STATES,

 Appellee,

 v.

 THOMAS E. WILSON,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Frank H. Freedman, Senior U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 

 Lori H. Levinson and Cain, Hibbard, Myers & Cook, P.C. on
brief for appellant.
 Donald K. Stern, United States Attorney, Ariane D. Vuono,
Assistant U.S. Attorney, on Motion for Summary Disposition for
appellee.

 
 
 March 4, 1999
 
 
 
 
 
 Per Curiam. Thomas E. Wilson appeals from an
 enhanced sentence that was imposed in 1994, pursuant to the
 Armed Career Criminal Act, 18 U.S.C. 924(e), following his
 guilty plea to being a felon in possession of a firearm, in
 violation of 922(g)(1). The district court, having failed to
 advise Wilson of his right to appeal at sentencing, later
 granted (in part) Wilson's 2255 motion and reinstated his
 right to appeal his sentence. This appeal represents Wilson's
 exercise of that reinstated right.
 Wilson challenges his conviction and enhanced
 sentence on the ground that his prior Massachusetts convictions
 did not qualify as predicate offenses because his civil rights
 had been restored with respect to those convictions. He relies
 upon 18 U.S.C. 921(a)(20), which provides, in relevant part,
 that a conviction "shall not be considered" as a predicate
 offense where
 a person . . . has had civil rights
 restored . . . , unless such . . .
 restoration of civil rights expressly
 provides that the person may not ship,
 transport, possess or receive firearms.
 
 The parties agree that Massachusetts law has restored Wilson's
 civil rights. The focus of this appeal is the interpretation
 to be given to the "unless clause" of 921(a)(20).
 "Massachusetts materially restricts an ex-felon's
 right to carry and traffic in firearms regardless of the
 passage of time." United States v. Alston, 112 F.3d 32, 37 (1st
 Cir. 1997); see United States v. Estrella, 104 F.3d 3, 7 (1st
 -2-
 Cir. 1997)(listing Massachusetts statutory restrictions). 
 Despite the absence of a total prohibition of the right to
 possess firearms, Massachusetts' "patchwork of restrictions"
 triggers the "unless clause" such that 921(a)(20) does not
 protect the ex-felon. Estrella, 104 F.3d at 8 (holding that
 Estrella was not excepted from the felon-in-possession
 statute). The holding in Estrella has also been applied to
 affirm sentencing enhancements under 924(e). See United
 States v. Blodgett, 130 F.3d 1, 3-4 (1st Cir. 1997); Alston,
 112 F.3d at 37-38.
 The Supreme Court recently resolved a division among
 various circuits over the interpretation to be given to the
 "unless clause" and endorsed the approach taken by this circuit
 in Estrella, supra. See Caron v. United States, 118 S.Ct. 2007
 (1998). The court interpreted the "unless clause" to apply
 when the state forbids one or more types of firearms, adopting
 the following reasoning:
 
 a state weapons limitation on an offender
 activates the uniform federal ban on
 possessing any firearms at all. This is
 so even if the guns the offender possessed
 were ones the State permitted him to have. 
 The State has singled out the offender as
 more dangerous than law-abiding citizens,
 and federal law uses this determination to
 impose its own broader stricture.
 
 Id. at 2011-12. The Court affirmed this court's judgment
 ordering that Caron be sentenced as an armed career criminal
 under 924(e). Id. at 2012.
 Wilson's argument that the Supreme Court's Carondecision does not apply to him because it had not yet been
 decided when he became aware of his right to appeal in August
 1997, is unavailing. The Supreme Court's Caron decision
 affirmed a judgment of this court applying the approach taken
 in Estrella, supra. Therefore, it makes no difference to the
 outcome of this appeal whether we apply the Supreme Court's
 Caron decision or (as Wilson urges us to do) the law of this
 circuit as it existed in August 1997. The district court did
 not err in treating the prior Massachusetts convictions as
 predicate offenses for purposes of 922(g)(1) and 924(e). 
 Nor did Wilson receive ineffective assistance of counsel
 because his attorney did not challenge the use of the predicate
 offenses.
 The government's motion for summary affirmance is
 granted. See Loc.R. 27.1.