**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WHITTIER B. BUCHANAN, | No. 20-16066 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05167-WHA |
| v. | MEMORANDUM[*] |
| GREGORY J. AHERN; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Whittier B. Buchanan appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First and Fourteenth Amendments while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment on Buchanan's Fourteenth Amendment inadequate medical care claims because Buchanan failed to raise a genuine dispute of material fact as to whether any defendant's conduct in the course of treating Buchanan was objectively unreasonable. *See Gordon*, 888 F.3d at 1124-25 (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claim brought by pretrial detainee).

In his opening brief, Buchanan fails to address the grant of summary judgment on his Fourteenth Amendment failure-to-protect and First Amendment retaliation claims and has therefore waived his challenges to the district court's order regarding those claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments raised for the first time in a reply brief are deemed waived).

The district court did not abuse its discretion by dismissing without prejudice for improper joinder claims against nineteen defendants named in Buchanan's amended complaint because Buchanan failed to establish that these claims arose out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d

1348, 1351 (9th Cir. 1997) (standard of review).

**AFFIRMED.**